1

2

3

4

5

6

7

8                          13-UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10    LAN K NGUYEN, et al.,                          CASE NO. C13-2314-MJP

11                       Plaintiffs,                 ORDER DENYING PLAINTIFFS'
                                                     MOTION FOR PARTIAL
12           v.                                      SUMMARY JUDGMENT

13    BANK OF AMERICA NA, et al.,

14                       Defendants.

15

16          This matter comes before the Court on Plaintiffs Lan Nguyen and My Vo's motion for

17   partial summary judgment against ReconTrust Company, N.A.  (Dkt. No. 28.)  Having reviewed

18   the motion, response, reply, and all related papers, the Court DENIES the motion.

19                                      **Background**

20          Plaintiffs Nguyen and Vo obtained a loan from Countrywide Bank, FSB

21   ("Countrywide"), to refinance their Renton, Wash. home.  (Dkt. No. 2 at 38.)  Plaintiffs signed a

22   Deed of Trust in favor Countrywide.  (Id. at 41.)  The deed of trust named Countrywide as the

23   lender, LS Title of Washington as the Trustee, and Defendant Mortgage Electronic Registration

24   Systems, Inc. ("MERS") as the beneficiary.  (Id. at 41-42.)

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 1

The pending motion concerns Defendant ReconTrust Company, N.A.  In 2010, two years after the refinancing, ReconTrust issued to Plaintiffs a notice of default regarding the original loan. (Dkt. No. 29 at 2.)  ReconTrust claims this was done at the direction of Bank of America. (Id.)  In that notice, ReconTrust notified Plaintiffs that it was "acting in its capacity as agent for the beneficiary." (Dkt. No. 5 at 37.)  Shortly after, BAC Home Loans Servicing appointed ReconTrust as successor trustee under the deed of trust. (Dkt. No. 29 at 23.)

At the direction of Bank of America, ReconTrust initiated foreclosure proceedings on Plaintiffs' home. (Id. at 3, 26.)  It issued a Notice of Trustee's Sale on March 29, 2011, for a scheduled sale on July 1, 2011. (Id. at 26.)  The sale was postponed. (Dkt. No. 5 at 18.)  The later trustee's sale was postponed four more times. (Dkt. No. 29 at 4.)  On February 1, 2012, ReconTrust issued a Notice of Discontinued Trustee Sale. (Id. at 44.)  No sale has occurred of the property.

Plaintiffs filed this case in King County Superior Court in November 2013. (Dkt. No. 1 at 2.)  Plaintiffs sued Bank of America, N.A., BAC Home Loans Servicing LP, BofA Merrill Lynch Asset Holdings, Inc., ReconTrust Company, N.A.; Mortgage Electronic Registration Systems, Inc. for injunctive relief to prevent any continued nonjudicial foreclosure proceedings of the property, and asserting claims for breach of duty of good faith and fair dealing, violations of the Consumer Protection Act, misrepresentation, negligence, wrongful foreclosure/wrongful attempted foreclosure, RESPA violations, TILA violations, Mortgage Loan Servicing Statute Violations, Slander of Credit, Slander of Title, FDCPA violations, breach of contract, and negligent infliction of emotional distress. (Dkt. No. 2 at 30-33.)  Defendants removed the case to this Court based on federal question and diversity jurisdiction. (Dkt. No. 1 at 2.)

1    Plaintiffs now moves for partial summary judgment against Defendant ReconTrust on all

2    of its defenses, the Deed of Trust Act ("DTA") claim (wrongful foreclosure/wrongful attempted

3    foreclosure), the Consumer Protection Act claim, and Fair Debt Collection Practices Act.  (Dkt.

4    No. 24.)

5                                          **Discussion**

6    **A.  Legal Standard**

7            The Court applies the familiar summary judgment standard, which requires it to draw all

8    inferences from the admissible evidence in the light most favorable to the nonmoving party.

9    Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is

10   appropriate where there is no genuine issue of material fact and the moving party is entitled to a

11   judgment as a matter of law.  Fed.R.Civ.P. 56(a).  The moving party must initially show the

12   absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

13   The opposing party must then show a genuine issue of fact for trial.  Matsushita Elect. Indus. Co.

14   v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must present probative

15   evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952

16   F.2d 1551, 1558 (9th Cir. 1991).  The court defers to neither party in resolving purely legal

17   questions.  See Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999).

18   **B.  Affirmative Defenses**

19           Plaintiff moves to dismiss all of ReconTrust's affirmative defenses because it has not

20   "disclosed…evidence supporting any matter constituting an avoidance or affirmative defense—

21   in either its initial disclosures or in response to specific discovery—all affirmative defenses

22   should be dismissed on summary judgment."  (Dkt. No. 24 at 12.)  Plaintiffs' blanket assertion

23   that the documents produced by ReconTrust are insufficient is itself insufficient at summary

24   judgment.  Anheuser–Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 345 (9th Cir.

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 3

1  1995)(conclusory allegations and speculative or unsubstantiated testimony are insufficient to

2  raise a genuine issue of fact to defeat summary judgment).  Whether ReconTrust is able to argue

3  an affirmative defense to the Court is left to the motions in limine and whether it has produced

4  any evidence it then seeks to present in support of its position.

5  **C.  Deed of Trust Act Claims**

6     In Washington, a mortgage "is a three-party transaction in which land is conveyed by a

7  borrower, the 'grantor,' to a 'trustee,' who holds the title in trust for a lender, the 'beneficiary,'

8  as security for credit or a loan the lender has given the borrower."  Bain v. Metro. Mortg. Group,

9  Inc., 175 Wn. 2d 83, 93 (2012).  However, "only the actual holder of the promissory note or

10 other instrument evidencing the obligation may be a beneficiary with the power to appoint a

11 trustee to proceed with a nonjudicial foreclosure on real property."  Id. at 36.  Even so, it may be

12 that the holder of the note can appoint an agent with the power to take action on its behalf, even

13 if the agent is not, in its own right, the true beneficiary.  See Id. at 45 ("[N]othing in this opinion

14 should be construed to suggest an agent cannot represent the holder of a note.").  A "trustee"

15 may be either "designated as the trustee in the deed of trust or appointed under RCW

16 61.24.010(2)."  RCW § 61.24.005(16).  Generally, if a trustee is not designated as the trustee in

17 the deed of trust, or if the beneficiary wants to replace the trustee, "the beneficiary shall appoint

18 a trustee or successor trustee."  RCW § 61.24.010(2).

19    Plaintiffs' central contention is ReconTrust did not meet the statutory requirements for

20 serving as a "Trustee" when it initiated foreclosure proceedings.  (Dkt. No. 24 at 12.)  They

21 argue summary judgment is warranted because: (1) ReconTrust issued a notice of default before

22 it was assigned as successor trustee, (2) the successor trustee was also void because BAC was

23 not the beneficiary under the deed of trust, and (3) ReconTrust lacked a proper street address in

24 Washington, as required by the DTA.

1    Reviewing the evidence in the light most favorable to ReconTrust, the Court finds

2  numerous issues of material fact as to all three theories offered by Plaintiff.  First, Plaintiffs'

3  entire motion appears premised on the notion that MERS was an improper beneficiary, because it

4  did not hold the note.  While this may be well true, nothing in the record supports this

5  contention.  Nor does the Washington Supreme Court's answers to certified questions in <u>Bain</u>

6  alleviate Plaintiffs' burden of proof because that case assumed MERS "never held the

7  promissory note."  <u>Bain</u>, 175 Wn.2d at *99.  This Court cannot leap to that conclusion absent a

8  more fully developed record.  Factual disputes also abound as to whether ReconTrust was an

9  agent to Bank of America or another entity, such as BAC Home Loans Servicing who

10  ReconTrust as successor trustee under the deed of trust.  <u>See</u> Dkt. No. 29 at 2, 23.

11    Finally, genuine issues of material fact exist as to Plaintiffs' claim ReconTrust did not

12  comply with a portion of the DTA that requires a trustee maintain a physical presence in

13  Washington throughout the foreclosure process.  RCW 61.24.030(6).  This court has previously

14  held that designation of a Washington agent with a physical address and phone number suffices

15  to meet the physical presence requirement.  <u>Singh v. Federal Nat. Mortg. Ass'n</u>, 2014 WL

16  504820, *4 (February 07, 2014).  Plaintiffs fail to show there are no triable facts on this issue,

17  when the notice of trustee sale identifies a physical address and phone number of an agent.  (Dkt.

18  No. 4 at 18.)  In reply, Plaintiffs present an unauthenticated letter from then attorney general

19  Robert McKenna expressing his opinion that a trustee must have a bona fide physical presence in

20  Washington to meet the DTA's requirements.  (Dkt. No. 31 at 19.)  The letter does not constitute

21  legal authority.  Nor does Plaintiffs' other evidence warrant summary judgment: the declaration

22  of Leticia Quintana only says ReconTrust's primary place of business is in California, it does not

23  address whether it had a physical location/telephone number and/or an agent.  Likewise, the

24

1    statements allegedly made to a paralegal in the law firm representing Plaintiffs by ReconTrust

2    only show a genuine issue of material fact because the purported statement is at odds with the

3    foreclosure documents.

4           Even if Plaintiffs could establish no genuine issues of material fact as to their DTA

5    claims, summary judgment would still be improper on this claim.  In Frias v. Asset Forfeiture

6    Servs., Inc., Case No. C13–0760–MJP, Dkt. No. 48 at 3 (W.D.Wash. Sept. 25, 2013), this Court

7    declined to adopt Walker v. Quality Loan Serv. Corp., 176 Wn. App. 294 (2013), the case relied

8    on by Plaintiffs.  Instead, this Court concluded Washington law is unclear about whether a claim

9    exists for damages under the DTA in the absence of a completed trustee's sale and certified

10   questions to the Washington Supreme Court asking: 1) whether a plaintiff may state a claim for

11   damages related to a breach of the DTA in the absence of a completed trustee's sale; and 2) if so,

12   what principles govern his or her claim under the CPA and the DTA. This Court is still waiting

13   for the Washington Supreme Court's answers.  Therefore, even if Plaintiff could show there were

14   no genuine issues of material fact, the Court would abstain from ruling on the motion until those

15   fundamental answers are answered by the Washington Supreme Court.

16          I.      Consumer Protection Act Claims

17          To prevail in a CPA claim, the plaintiff must prove (1) an unfair or deceptive act or

18   practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a

19   person's business or property, and (5) causation.  Hangman Ridge Stables, Inc. v. Safeco Title

20   Ins. Co., 105 Wn.2d 778, 784 (1986).

21          Plaintiffs' CPA claims hang on ReconTrust's alleged unauthorized initiation of

22   foreclosure proceedings, which they characterize as unfair or deceptive practices.  (Dkt. No. 24

23   at 21.)  Plaintiffs explain, "The first element (unfair or deceptive act or practice) is established by

24

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 6

1   the simple fact that ReconTrust initiated and pursued nonjudicial foreclosure of plaintiffs' home

2   without statutory authority."  (Id.)  Because the Court finds Plaintiffs did not establish a lack of

3   genuine issues of material fact as to the DTA claim and ReconTrust's authority, the related CPA

4   claim too survives.  Because Plaintiffs failed as to the first element of a CPA claim, the Court

5   does not address whether genuine issues of material fact exist as to the other four elements.

6        II.      Fair Debt Collection Practices Act Claim

7        The Fair Debt Collection Practices Act ("FDCPA") defines a "debt collector" as "any

8   person who uses any instrumentality of interstate commerce or the mails in any business the

9   principal purpose of which is the collection of any debts, or who regularly collects or attempts to

10  collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15

11  U.S.C. § 1692a(6).  Section 1692f(6) prohibits a debt collector from "[t]aking or threatening to

12  take any nonjudicial action to effect dispossession or disablement of property if" (A) "there is no

13  present right to possession of the property claimed as collateral through an enforceable security

14  interest"; (B) "there is no present intention to take possession of the property"; or (C) "the

15  property is exempt by law from such dispossession or disablement."

16       Plaintiffs' FCPA claim, as they theorize it, depends on whether ReconTrust "threatened

17  and take [sic] nonjudicial action to foreclose on plaintiffs' home even though it had no DOTA

18  [Deed of Trust Act] authority to do so and therefore no right to possession of plaintiffs'

19  property." (Dkt. No. 31 at 12.)  Because the Court finds triable facts in this record on

20  ReconTrust's authority, the Court DENIES the motion.

## Conclusion

22       The Court finds genuine issues of material fact preclude summary judgment on Plaintiffs'

23  DTA, CPA, and FDCPA.  The Court also finds Plaintiffs' have failed to show a lack of triable

24

1   issues on Defendant ReconTrust's affirmative defenses.  The Court DENIES Plaintiffs' motion

2   for partial summary judgment.  (Dkt. No. 24.)

3          The clerk is ordered to provide copies of this order to all counsel.

4          Dated this 25th day of September, 2014.

5

6

7

8

9                                            Marsha J. Pechman
                                             Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24